SHEPHERD v. STATE. (No. 6388.) (Court of Criminal Appeals of Texas. Oct. 19, 1921.) Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge. Theodore Shepherd was convicted of assault with intent to murder, and he appeals. Appeal dismissed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for assault with intent to murder; punishment fixed at two years' confinement in the penitentiary. Upon motion of the appellant, duly verified, the appeal is dismissed.

STARLING v. STATE. (No. 6419.) (Court of Criminal Appeals of Texas. Oct. 26, 1921.) Appeal from District Court, Kaufman County; Joel R. Bond, Judge. Oliver Starling was convicted of an unlawful manufacture of intoxicating liquors, and appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Appellant is condemned to confinement in the penitentiary for one year for the unlawful manufacture of intoxicating liquors. There are no fundamental errors, and neither statement of facts nor bills of exceptions accompany the record. The judgment is affirmed.

CORPORATION OF SAN FELIPE DE AUSTIN v. STATE. (No. 7676.) (Court of Civil Appeals of Texas. Galveston. Oct. 6, 1921.) Appeal from District Court, Austin County; M. C. Jeffrey, Judge. Action by the State against the Corporation of San Felipe de Austin to recover taxes. Judgment for the State, and defendant appeals. Reversed and rendered, in conformity to answer by the Supreme Court to certified questions. 229 S. W. 845. Johnson Matthaei & Thompson, of Bellville, for appellant. J. E. Edmondson and C. G. Krueger, both of Bellville, for the State.

PLEASANTS, C. J. The judgment from which this appeal is prosecuted is in favor of appellee against appellant for state and county taxes assessed against lands owned and held by the appellant under a grant from the Mexican government on July 1, 1824, and confirmed by acts of the Congress of the Republic of Texas as of date November 18, 1837, and January 20. 1841, respectively, Laws 1837, p. 21; Laws 1840-41, p. 46. The right to tax the lands was contested by appellant on the ground that under the grant and confirmatory acts before mentioned it was exempt from taxation, because it was dedicated to public municipal purposes, and has been continuously so held and used by the appellant. The question thus presented was certified by this court to the Supreme Court, and the answer of that court sustains appellant's contention, and requires that the judgment of the court below be reversed, and judgment here rendered for appellant. The very able and interesting opinion of Chief Justice Phillips, answering the certified question and giving a full statement of the case, is reported in 229 S. W. 845. Judgment will be entered in this court as above indicated. Reversed and rendered.